## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **CHRISTOPHER COOK,** | : |
| **Plaintiff,** | : |
| | : **Civil Action Number:** |
| vs. | : |
| **STATEWIDE WRECKER SERVICE, INC.,** | : **Jury Trial Demanded** |
| **Defendant.** | : |

## COMPLAINT

Plaintiff Christopher Cook ("Mr. Cook"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Statewide Wrecker Service, Inc. ("Statewide") and shows the Court as follows:

## INTRODUCTION

1.

Mr. Cook brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq.*), ("the FLSA") to recover due but unpaid overtime compensation and an additional like amount as liquidated damages and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Statewide is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Mr. Cook resides in Fulton County, Georgia.

5.

Statewide employed Mr. Cook as a Dispatcher in and around Lilburn, Georgia from January 2012 until November 8, 2014 ("the Relevant Time Period").

6.

At all times material hereto, Mr. Cook was an "employee" of Statewide as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about January 2012 until November 8, 2014, Mr. Cook was "engaged in commerce" as an employee of Statewide as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

Statewide is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Statewide was an "employer" of Mr. Cook as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about January 2012 until November 8, 2014, Statewide was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During the Relevant Time Period, two or more employees of Statewide used or handled the following items that moved in interstate commerce that are necessary for performing Statewide's commercial purpose: Vehicles, gasoline, automobile oil and cellular phones.

12.

During 2012, Statewide had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2013, Statewide had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, Statewide had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Statewide had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2013, Statewide had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2014, Statewide had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Statewide had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Statewide had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2014, Statewide had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

At all times material hereto, Statewide was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

22.

Statewide is subject to the personal jurisdiction of this Court.

23.

Statewide may be served with process through its registered agent Lee W.O. Shafer located at 3635 Peachtree Industrial Boulevard, Suite 400, Duluth, GA 30096.

24.

At all times material hereto, Mr. Cook was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

25.

At all times material hereto, Statewide did not employ Mr. Cook in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Statewide did not employ Mr. Cook in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, Statewide did not employ Mr. Cook in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, Mr. Cook was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption.

29.

At all times material hereto, Statewide did not employ Mr. Cook in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

30.

During the Relevant Time Period, Statewide did not authorize Mr. Cook to make significant business decisions on its behalf.

31.

During the Relevant Time Period, Statewide did not authorize Mr. Cook to make significant business decisions on behalf of its customers.

32.

During the Relevant Time Period, Statewide did not grant Mr. Cook the discretion to make significant business decisions on its behalf.

33.

During the Relevant Time Period, Statewide did not grant Mr. Cook the discretion to make significant business decisions on behalf of its customers.

34.

During the Relevant Time Period, Mr. Cook did not exercise discretion to make significant business decisions on behalf of Statewide.

35.

During the Relevant Time Period, Mr. Cook did not exercise discretion to make significant business decisions on behalf of Statewide's customers.

36.

During the relevant time period, Mr. Cook was employed as a dispatcher.

37.

During the Relevant Time Period, Mr. Cook's primary duty as Statewide's employee was to receive incoming calls from police personnel and emergency vehicles and to route those calls to Statewide's tow truck drivers.

38.

During the Relevant Time Period, Mr. Cook was not a driver.

39.

During the Relevant Time Period, Mr. Cook had no formally assigned duties related to safety.

40.

During the Relevant Time Period, Mr. Cook had no safety related duties.

41.

During the Relevant Time Period, Mr. Cook did not inspect any of Statewide's vehicles.

42.

During the Relevant Time Period, Mr. Cook did not collect safety related data or reports.

43.

Statewide compensated Mr. Cook on an hourly basis at all times during the Relevant Time Period.

44.

Statewide did not compensate Mr. Cook on a salaried basis.

45.

During the Relevant time Period, Mr. Cook regularly worked for Statewide more than forty hours per week.

46.

At all times material hereto, Statewide failed to compensate Mr. Cook at one and one half his regular rate for work performed in excess of forty hours in a week.

47.

During the Relevant time Period, Statewide required Mr. Cook to attend meetings every 2-3 months.

48.

Statewide failed to compensate Mr. Cook for all time spent at such meetings.

,

## COUNT I
## FAILURE TO PAY OVERTIME

49.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

50.

At all times material hereto, Mr. Cook was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

51.

During his employment with Statewide, Mr. Cook regularly performed work in excess of forty (40) hours per week.

52.

Statewide failed to pay Mr. Cook at one and one half times his regular rate for work in excess of forty (40) hours in any week.

53.

Statewide willfully failed to pay Mr. Cook at one and one half times his regular rate for work in excess of forty (40) hours in any week.

54.

As a result of the underpayment of overtime compensation as alleged above, Mr. Cook is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

55.

As a result of the underpayment of overtime compensation as alleged above, Mr. Cook is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Mr. Cook is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Mr. Cook respectfully prays:

1. That Mr. Cook's claims be tried before a jury;

2. That Mr. Cook be awarded an amount to be determined at trial against Statewide in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3.  That Mr. Cook be awarded costs of litigation, including his reasonable attorneys' fees from Statewide; and

4.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

*/S/ KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

**COUNSEL FOR PLAINTIFF**