IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COOK, | : | |
| | : | |
| Plaintiff, | : | Civil Action Number: |
| | : | |
| vs. | : | 1:15-cv-00101-ODE |
| | : | |
| STATEWIDE WRECKER SERVICE, INC., | : | |
| | : | |
| Defendant. | : | |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made and entered into this ____ day of February, 2016 (the "Effective Date") by and between the following parties: (1) Christopher Cook and his heirs, executors, administrators, successors, and assigns ("Plaintiff"); and (2) Statewide Wrecker Service, Inc. ("Statewide" or "Defendant") on the other. Plaintiff and Defendant are referred to in this Agreement collectively as the "Parties." The Parties agree to the following:

## RECITALS

WHEREAS Christopher Cook worked as a dispatcher for Statewide from on or about January 2012 until on or about November 8, 2014; and

WHEREAS Plaintiffs filed this civil action ("Lawsuit") against Defendant on January 12, 2015, seeking among other things, over-time wages; and

WHEREAS the Parties desire to fully and finally settle any and all claims between them including, but not limited to, all claims asserted in the Lawsuit.

# AGREEMENT

In consideration of the agreements, promises, and warranties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties incorporate the Recitals above into this Agreement, and agree as follows:

1. **Consideration.** In consideration for Plaintiff (1) signing this Agreement and complying with its terms, (2) agreeing to fully and completely settle any and all claims against Defendant including, but not limited to, all claims asserted in the Lawsuit, (3) releasing Defendant, and (4) dismissing all of the claims in the Lawsuit with prejudice:

    a. Defendant agrees to pay to Plaintiff and his counsel a total sum of _Upon order of the Court_ ($_____), which includes Plaintiffs' attorney's fees and litigation costs. This payment shall be apportioned as follows:

    i. Defendant Statewide shall remit to Plaintiff Cook, a check in the amount of Fourteen Thousand Six Hundred Twenty Three and 85/100 Dollars ($14,623.85) as back wages less deductions for federal and state income and employment taxes and for which Defendant Premier will issue an IRS Form W2.

    ii. Defendant Statewide shall remit to Plaintiff Cook, a check in the amount of Fourteen Thousand Six Hundred Twenty Three and 85/100 Dollars ($14,623.85) as liquidated damages, without deductions for which Premier will issue an IRS Form 1099 designating the payment under Box 3 as non-employment compensation.

    iii. Defendant Statewide shall pay Plaintiff's counsel, Kevin D. Fitzpatrick, Jr. _upon order of the Court_ and /100 ($_____) in attorney's fees and costs. Defendant Premier will issue to Kevin D. Fitzpatrick, Jr. a Form 1099 (box #14) for these payments.

      iv.    Defendant Statewide shall issue the foregoing payments to Plaintiff's counsel, at 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, GA 30303 within ten (10) days of Court approval, whichever comes later.

    b.  Plaintiff agrees to take all action necessary to seek approval of the terms of this Agreement by the Court. Defendant agrees not to oppose Plaintiff's counsel's request to the Court for an award of fees and costs in the amounts set out above. Upon approval of this settlement by the Court and payment of all sums due hereunder, Plaintiff agrees to take all action necessary to have the claims in the Litigation dismissed with prejudice, subject to the terms of paragraph 3 below.

2.   **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that he would not receive the monies and/or benefits specified in paragraph 1 above, unless they execute this Agreement and fulfill the promises contained herein.

3.   **Release of Claims.** Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, Plaintiff fully and finally releases and forever discharges: (1) Statewide; (2) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Statewide; and (3) any current or former office, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) or any entity referenced in or encompassed by subsection (1) or (2) hereof (collectively, "Statewide Releasees"), of and from any and all matters of claims, damages, demands, actions, liabilities, responsibilities, causes of action, covenants, suits, and judgments, whatsoever, which they now have, might have, or might claim to have at any time up to the date of this Agreement, whether known or unknown, developed or undeveloped, anticipated or unanticipated, including, but not limited to, those that were or could have been brought in the Lawsuit. This release includes, but is not limited to, wage and hour claims under federal, state or local law for hours worked, including such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked.

[3]

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, Statewide fully and finally releases and forever discharges Plaintiff of and from any and all matters of claims, damages, demands, actions, liabilities, responsibilities, causes of action, covenants, suits, and judgments, whatsoever, which they now have, might have, or might claim to have at any time up to the date of this Agreement, whether known or unknown, developed or undeveloped, anticipated or unanticipated.

4.  **Representations and Warranties.** Each Party hereby represents and warrants that it has not filed, caused to be filed, or presently are a party to any claim against any of the other Parties, except those currently pending in the Litigation. Each Party further represents and warrants that it is the sole owner of all claims with respect to the matters released herein, that it has the full authority to release all claims released herein, and that it has not assigned or transferred, nor purported to assign or transfer, any interest in any of the claims released above to any other person or entity. Each Party hereby agrees to indemnify and hold the other Parties harmless from any liability, claim, demand, cost, damage and expense, including, but not limited to, reasonable attorney's fees and costs, incurred as a result of any such assignment or transfer.

5.  **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of Georgia, without regard to its choice of law provisions. In the event of a breach of any provision of this Agreement, a Party may institute and action specifically to enforce any term or terms of this Agreement and/or seek damages for breach. This Agreement is not severable.

6.  **No Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed, at any time, for any purpose, as an admission by any party to this Agreement, of wronging or evidence of liability or unlawful conduct of any kind.

7.  **Modification of Agreement.** This Agreement may not be changed, modified, amended, or altered except by a further written agreement signed by all of the Parties hereto.

12. **Power to Enter Agreement.** The Parties represent to one another that they have the power and are duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth and that the persons executing this Agreement are the authorized agents of the respective Parties for the purposes of executing this Agreement.

13. **Further Assurances.** Each Party agrees that it will take any and all necessary steps, sign and execute any and all necessary documents, agreements or instruments which are required to implement the terms of this Agreement and each Party will refrain from taking any action, either expressly or impliedly, which would have the effect of prohibiting or hindering the performance of the other Party to this Agreement.

14. **Attorney's Fees.** In any action between the Parties to enforce this Agreement, the prevailing party, in addition to any damages, injunction or other relief to which the Party may be entitled, shall be entitled to its reasonable attorneys' fees, costs and expenses.

15. **Acknowledgements.** Each Party has received independent legal advice as to the nature and obligations of this Agreement, and each has been fully informed of its or his respective legal rights, obligations and liabilities as set forth therein. Each Party has entered into this Agreement freely and voluntarily and of its or his own free will and accord without any threat or force or duress in any form or nature whatsoever. In the event of an ambiguity or question of intent, this Agreement shall be construed as if drafted jointly by the Parties hereto, and no presumption or burden of proof shall arise favoring or disfavoring any party hereto by virtue of the authorship of any of the provisions of this Agreement.

16. **Construction.** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning.

17. **Survival.** The Parties agree that all of the terms of this Agreement, including, but not limited to, the representations and warranties contained herein, shall survive the execution and delivery of this Agreement.

**PLAINTIFF IS ADVISED THAT HE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT. PLAINTIFF FREELY**

[6]

8. **Entire Agreement and Merger.** This Agreement shall constitute the complete agreement and understanding of the Parties hereto, including their attorneys, with respect to the subject matter hereto, and fully supersedes any prior agreements or understandings between the Parties. The Parties represent and warrant that they have not relied upon any, and there are no, written or oral statements, promises, representations, conditions, inducements or agreements other than those expressly set forth in this Agreement. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their heirs, legal representatives, successors, and assigns.

9. **Counterparts; Email Signatures.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and delivery of an executed counterpart by .pdf or other electronic means shall be equally effective as delivery of an original, manually executed counterpart of this Agreement. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

10. **Invalid Without Court Approval.** This Agreement is subject to approval by the United States District Court for the Northern District of Georgia in the Litigation. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Agreement, but agree to mutually request immediate referral to a U.S. Magistrate Judge for mediation to address any issues precluding enforcement by the Court.

11. **Retention of Jurisdiction.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgements entered in connection therewith.

AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.

[signatures on next page]

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute this Agreement, under seal, on the date and year first stated above.

**CHRISTOPHER COOK**

By: *[signature]*
Dated: 3-4-16

**STATEWIDE WRECKER SERVICE, INC.**

By: *[signature]*
Name: RICHARD J. GARNER
Title: Pres.
Dated: 3-2-16

[SIGNATURE PAGE FOR SETTLEMENT AGREEMENT AND RELEASE]

[8]